IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TESLA RAMOS,

               Plaintiff,

   v.

RAMON FRANCISCO RAMOS,

               Defendant.

Case No. 3:19-cv-00500-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Multnomah County Inverness Jail, appears to bring this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that that she is in an abusive relationship with her husband, and asks the Court to award her $30,000 in damages, a legal divorce, and mental and medical coverage from the trauma she has suffered.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v.*

*Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

### DISCUSSION

It is not entirely clear what Plaintiff's basis for jurisdiction is, but she uses the Court's prisoner civil rights complaint form that is reserved for 42 U.S.C. § 1983 actions and indicates in her cover page that this is a federal question case. A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section

1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

Defendant is not a state actor, thus Plaintiff fails to state a claim. Even if this were not the case, under the domestic relations exception, federal courts abstain from exercising jurisdiction in domestic relations cases when the core issue involves alimony, divorce, or a child custody decree. *See Ankenbrandt v. Richards,* 504 U.S. 689, 704-705 (1992); *see also Coates v. Woods,* 819 F.2d 236, 237 (9th Cir. 1987). This is true even where a plaintiff alleges violations of the federal Constitution. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983). "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12, (2004) (quoting *In re Burrus,* 136 U.S. 586, 593-594 (1890)). For these reasons, the Complaint is dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Because it is clear that Plaintiff cannot cure the deficiencies

with her Complaint through amendment, the dismissal is without leave to amend, and with prejudice. The pending Motion for Temporary Restraining Order (#6) is denied.

Additionally, for the reasons set forth above, this Court certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this __16 day of July, 2019.

Michael W. Mosman
United States District Judge